UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Civil Action No. _____

Fiend, Inc.

        Plaintiff,

v.

International Alliance of
Theatrical Stage Employees; Local 161,
IATSE, Local 477, IATSE, Local 600,
IATSE; and Local 798 IATSE,

        Defendants.

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

---

Plaintiff Fiend, Inc., for its cause of action against Defendants International Alliance of Theatrical Stage Employees; Local 161, IATSE, Local 477, IATSE, Local 600, IATSE; and Local 798 IATSE, states and alleges as follows:

### NATURE OF THE ACTION

1. The nature of this action is a proceeding for a declaratory judgment under 28 U.S.C. § 2201 of the Judicial Code and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining a question in actual controversy between the parties, namely, the question of the validity of a written contract that purportedly includes an agreement to arbitrate.

### PARTIES

2. Plaintiff Fiend, Inc. ("Fiend") is a Minnesota Corporation with its principal place of business at 119 North 2nd St., Minneapolis, MN 55401.

3. Defendant International Alliance of Theatrical Stage Employees is a labor organization that conducts activities throughout the United States including Minnesota and maintains offices in Minnesota.

4. Local 161, IATSE, 630 is a labor organization with its principal office located at 9th Avenue, Suite 1103, New York, NY 10036.

5. Local 477, IATSE, is a labor organization with its principal office located at 10705 N.W. 33rd Street, #120, Miami, FL 33172.

6. Local 600, IATSE, is a labor organization with its principal office located at 690 Lincoln Rd, #203, Miami, FL 33139.

7. Local 798 IATSE, is a labor organization with its principal office located at 152 West 24th Street, New York, NY 10011.

## JURISDICTION

8. This Court has jurisdiction of this Complaint for Declaratory Judgment pursuant to federal question jurisdiction authorized by 28 U.S.C. § 1331.  A proceeding to stay arbitration under a collective bargaining agreement is within the jurisdiction of a federal district court under 29 U.S.C. § 185.  A federal district court also has jurisdiction to issue an order preventing submission of an issue to arbitration under 29 U.S.C. § 185.

9. Defendants are labor organizations representing employees in an industry affecting commerce within the provisions of 29 U.S.C. § 185.

10. This Court has personal jurisdiction over Defendants.  Defendants allege to have entered into a contract with a Minnesota corporation and the International Alliance of Theatrical

Stage Employees has duly authorized officers or agents engaged in representing or acting for employee members in Minnesota.

## COUNT I - DECLARATORY JUDGMENT

11.     Defendants have filed a Demand for Arbitration with the American Arbitration Association seeking "wages and benefits in accordance with applicable collective bargaining agreement." Attached as Exhibit A is a true and correct copy of Defendants' Demand for Arbitration.

12.     Plaintiff is not a party to the collective bargaining agreement referenced in Defendants' Demand for Arbitration as the parties never entered into a valid and enforceable contract that included a binding agreement to arbitrate.

13.     The documents on which Defendants' Demand for Arbitration is purportedly based are invalid and unenforceable because, among other reasons, the person who executed the documents presented by Defendants' representatives had no express or apparent authority to bind, or act on behalf of, Plaintiff for purposes of entering into any agreement with Defendants and Defendants did not accept any purported offer made by Plaintiff before Plaintiff declared that any perceived offers were revoked or otherwise rescinded.

14.     The parties never entered into a binding agreement or an agreement to arbitrate because the documents presented by Defendants' representatives did not contain necessary and material terms and did not constitute a valid and enforceable contract.

15.     The signature of Plaintiff's alleged representative was procured by Defendants' representatives through intimidation and coercion.

16. On or about March 25, 2011, union representatives for Defendants came to Plaintiff's production set in Orlando, Florida where Plaintiff was engaged in the production of a television commercial advertisement.

17. When Defendants' representatives demanded that Plaintiff agree to become a signatory and party to the union collective bargaining agreement, they were advised by Joe Schaak, Plaintiff's authorized agent, that Plaintiff did not intend to become a party to the union collective bargaining agreement at that time. Schaak further stated that to consider the request to become a signatory to the union collective bargaining agreement he would need to be provided with a proposal that contained all essential and material terms of the proposed agreement.

18. The union representatives never provided the essential and material terms to Schaak or disclosed the specific terms of the proposed agreement to Plaintiff or its authorized representatives.

19. Despite Schaak's refusal to execute the presented documents, Defendants asked Schaak if an independent producer retained by Plaintiff had authority to act on Plaintiff's behalf. Schaak explicitly told the union representatives that the independent producer was not authorized to bind or act on Plaintiff's behalf for purposes of entering into an agreement with Defendants. Schaak's statements to Defendants' representatives regarding the absence of the independent producer's authority to execute the proposed agreements with Defendants were witnessed by the independent producer and another independent production supervisor that was engaged by Plaintiff.

20. The union representatives remained at Plaintiff's production set, attempted to interrupt Plaintiff's production and harassed and threatened the independent contractors retained

to provide services for the production in an attempt to procure Plaintiff's agreement to become a signatory and agree to the terms of a collective bargaining agreement.

21. Due to the harassment and threats by Defendants' representatives, the independent producer, without authority and without the knowledge and consent of Plaintiff, signed the incomplete documents presented by Defendants' representatives to prompt Defendants' representatives to leave Plaintiff's production set.

22. Before signing the documents presented by Defendants' representatives, the independent producer never obtained Schaak's express authorization to sign the documents and never made Schaak aware he was going to sign the documents, and at no time on or after March 25, 2011, has Schaak or any other representative of Plaintiff ratified the actions of the independent producer so as to bind Plaintiff to any form of offer or agreement with Defendants.

23. On March 28, 2011, Plaintiff's counsel advised Defendants in a letter that Plaintiff rejected all purported agreements and offers to enter into agreements with Defendants because, among other reasons, the independent producer had no authority to bind Plaintiff or sign an agreement with Defendant on Plaintiff's behalf.  Attached as Exhibit B is a true and correct copy of a letter sent to Defendants by Plaintiff's counsel on March 28, 2011.

24. As of the March 28, 2011 letter, when Plaintiff rejected all proposed agreements or offers to enter into agreements with Defendants, the purported agreement, to the extent that the signed documents could be construed as an offer from Plaintiff, had not been accepted by Defendants, and Plaintiff's counsel, as provided in the March 28, 2011 letter, expressly withdrew any purported offers to enter into an agreement with Defendants in any manner, way or form.

25. On June 9, 2011, Plaintiff's counsel advised Defendants in another letter that no agreement existed between Defendants and Plaintiff. Plaintiff's counsel further advised: "Fiend, Inc. does not intend to appear or participate in arbitration absent an order compelling its participation issued by a court with proper jurisdiction and authority." Attached as Exhibit C is a true and correct copy of a letter sent to Defendants by Plaintiff's counsel on June 9, 2011.

26. The purported agreement to arbitrate on which Defendants' Demand for Arbitration is based is void and unenforceable as a matter of law as Plaintiff never entered into the union collective bargaining agreement or an agreement to arbitrate with Defendants.

**WHEREFORE**, Plaintiff demands a declaratory judgment providing that it is not a signatory to a collective bargaining agreement, an agreement to arbitrate or any other related agreements with Defendants, in addition to an award to Plaintiff for costs, disbursements and additional relief that the Court deems just and equitable.

Dated: October 3, 2011                LOMMEN, ABDO, COLE, KING & STAGEBERG, P.A.

                              BY s/ Barry A. O'Neil
                                  Barry A. O'Neil, I.D. No. 220875
                                  Nicholas A. Dolejsi, I.D. No. 0390112
                                  Attorneys for Plaintiff
                                  2000 IDS Center
                                  80 South 8th Street
                                  Minneapolis, MN  55402
                                  (612) 339-8131; FAX: (612) 339-8064